UNITED STATES OF AMERICA,

    **Plaintiff,**

            **v.**                     **Criminal No.** 18-412 (FAB)

LARA CASTRO-WARD,

    **Defendant.**

**OPINION AND ORDER**

Defendant Lara Castro-Ward ("Castro") moves to exclude evidence of prior bad acts pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") and the Fifth Amendment of the United States Constitution. (Docket No. 34.) For the reasons set forth below, the Court **DENIES** Castro's motion *in limine*.

**I.    Background**

Castro purportedly attempted to provide contraband, consisting of cellular phones, to inmates at the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico on July 30, 2016. (Docket No. 3.) On June 21, 2018, a federal grand jury charged Castro with willfully making false statements to United States Bureau of Prisons ("BOP") officials and attempting to provide contraband in prison in violation of 18 U.S.C. § 1001(a)(2) and 18 U.S.C. §§ 1791(a)(1) and (b)(4), respectively. Id. Subsequently,

the Court issued a scheduling order setting trial for August 29, 2018. (Docket No. 10 at p. 1.)

On July 20, 2018, the United States notified Castro that it intends to elicit at trial: (1) evidence that Castro smuggled contraband into MDC on prior occasions, (2) financial records demonstrating that Castro received payment for providing contraband to inmates at MDC, and (3) evidence that Castro destroyed evidence and made false statements to law enforcement officers. (Docket No. 16, Ex. 1.) The notification informed Castro that the United States intends to offer Castro's prior bad acts into evidence pursuant to Rule 404(b). Id.

Castro moves to exclude evidence demonstrating that she delivered cellular phones to federal inmates prior to July 30, 2016 for two reasons. (Docket No. 34.) First, Castro argues that her prior bad acts constitute impermissible propensity evidence pursuant to Rule 404(b). Id. Second, Castro argues that admission of Rule 404(b) evidence would constructively amend the indictment in violation of the Fifth Amendment. Id. at p. 11. Both of Castro's arguments are unconvincing.

## II. Discussion

Castro predicates her motion *in limine* on the danger that the jury would conclude that because she smuggled contraband into federal detention facilities in the past, she necessarily

committed the offenses charged in the indictment. (Docket No. 34 at p. 10; see United States v. Arias-Montoya, 967 F.2d 708, 709 (1st Cir. 1992) ("While logically relevant, 'propensity' or 'bad character' evidence is deemed to carry an unacceptable risk that the jury will convict the defendant for crimes other than those charged."). Rule 404(b) prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime. Fed. R. Evid. 404(b). The rule permits, however, the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (citing Fed. R. Evid. 404(b)).

The proponent of Rule 404(b) evidence must satisfy a two-part test. Landry, 631 F.3d at 602. First, other than establishing propensity, "the evidence must have 'special relevance' to an issue in the case such as intent or knowledge." United States v. Varodakis, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted). "Rule 404(b)'s list of [special relevance] purposes is not exhaustive." Landry, 631 F.3d at 603. To determine whether the proffered evidence has special relevance, trial courts consider the temporal proximity of the prior bad acts and the degree of similarity to the charged crime. Id. at 602 (citing

<u>Varodakis</u>, 233 F.3d at 119).   Second, "under [Federal Rule of Evidence 403], evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  <u>Varodakis</u>, 233 F.3d at 119.

"In the Rule 404(b) context, evidence of similar acts is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."  <u>United States v. DeCicco</u>, 370 F.3d 206, 211 (1st Cir. 2004) (citing <u>Huddleston v. United States</u>, 485 U.S. 681, 689-90)).   Trial courts need only find that the United States has presented sufficient circumstantial evidence so that a jury *could* reasonably conclude by a preponderance of evidence that the defendant committed the prior bad act.  <u>Id.</u> at 212.

**A.    Evidence of Castro's Prior Bad Acts Demonstrate Knowledge and Intent**

Castro is charged with attempting to provide contraband to federal inmates in violation of 18 U.S.C. section 1791 *et seq.* ("section 1791").   (Docket No. 3.)   Section 1791 prohibits any individual from "provid[ing] to an inmate of a prison a prohibited object, or attempt[ing] to do so."  18 U.S.C. § 1791(a)(1).   In addition to narcotics and weapons, prohibited items include "a phone or other device used by a user of a commercial mobile service."  <u>Id.</u> § 1791(d)(1)(F).

Evidence that Castro previously smuggled contraband into federal detention facilities demonstrates both that she knowingly possessed contraband, and intended to conceal cellular phones from BOP officials on July 30, 2016.  Because intent is "an essential element of any 'attempt' crime," the United States may prove Castro possessed the requisite intent with circumstantial evidence, including prior bad acts.  United States v. Rivera-Solá, 713 F.2d 866, 870 (1st Cir. 1983) ("We find that the other crimes evidence was relevant on the issue of intent and its admission complied with [Rule 404(b)].").[1]  Indeed, after law enforcement officers arrested Castro, she "denied knowing, prior to being caught, that the binders contained any contraband."  (Docket No. 47 at p. 2.) With regard to knowledge, that Castro delivered contraband to federal inmates on prior occasions suggests that she knowingly possessed cellular phones on July 30, 2016.  See United States v. Hussain, No. 17-003, 2018 U.S. Dist. LEXIS 130465 *5 (D.R.I. Aug. 3, 2018) (denying defendant's motion to exclude prior conviction for mortgage fraud and conspiracy, because "this

---

[1] See also United States v. Sabean, 885 F.3d 27, 36 (1st Cir. 2018) (holding that 404(b) evidence "may be particularly helpful when an actors' state of mind is at issue, 'and the only means of ascertaining that mental state is by drawing inferences from conduct'") (quoting Huddleston, 485 U.S. at 685); United States v. López, 340 F.3d 169, 174 (3rd Cir. 2003) (affirming defendant's section 1791 conviction and "admission of evidence of prior drug involvement for the purpose of rebutting defense claims of innocent association, and to prove criminal intent").

information [proves] that Mr. Hussain was well aware of the illegality of his actions, that he did not commit the acts innocently or without full knowledge that they were illegal, and that he had the intent to commit fraud").

The temporal proximity and similarity between Castro's prior bad acts and the allegations set forth in the indictment underscore that the Rule 404(b) evidence bears special relevance to the charged offenses. The United States intends to elicit evidence that Castro smuggled contraband to federal inmates "over approximately a year leading up to the charged events." Docket No. 47 at p. 2; see United States v. Ferrer-Cruz, 899 F.2d 125, 138 (1st Cir. 1990) (Breyer, J.) (affirming admission of prior bad acts committed three-years before indicted offenses "in order to show Ferrer's knowledge that the bags contained drugs and to show his intention to help his codefendants consummate the sale"). The Rule 404(b) evidence and the allegations set forth in the indictment are nearly identical: that Castro smuggled contraband into prison. Accordingly, the United States' proffered evidence has special relevance to the extent that it is probative of Castro's intent and knowledge.

**B. Rule 403**

Rule 403 requires the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of

. . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; see also Varoudakis, 233 F.3d at 122 (internal citations omitted).  The First Circuit Court of Appeals has emphasized that Rule 403 protects "against *unfair* prejudice, not against all prejudice."  United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008) (emphasis added); see also United States v. Bauzó-Santiago, 51 F. Supp. 3d 198, 199 (D.P.R. 2014) (Besosa, J.) ("In balancing the scales of Rule 403, it is important to note that only unfair prejudice is to be avoided, as by design all evidence is meant to be prejudicial") (citation and internal quotation omitted).  Pursuant to Rule 403, trial courts possess "considerable latitude in determining whether to admit or exclude evidence."  Santos v. Sunrise Medical, 351 F.3d 587, 592 (1st Cir. 2003) (internal citations omitted).  When the balance between the probative value and unfair prejudice of contested evidence is close, "Rule 403 tilts the balance in favor of admission." Whitney, 524 F.3d at 141 (internal citations omitted).

        Castro contends that evidence of her prior bad acts is inadmissible pursuant to Rule 403 because this evidence "will confuse the jury and constitutes presentation of unnecessary evidence that will needlessly extend the trial."  (Docket No. 34 at p. 8.)  Castro's argument is unavailing.  In an interview after

her arrest, Castro claimed that she had no knowledge that the cellular phones were in her binder. (Docket No. 47 at p. 2.) Her prior bad acts regarding delivery of contraband to federal inmates undermines her post-arrest assertions, and provides context for the July 30, 2016 incident. The two-count indictment alleges that on July 30, 2016, Castro attempted to smuggle contraband into MDC. (Docket No. 3.) Instructing the jury to consider Castro's prior bad acts for the limited purpose of determining her intent and knowledge on July 30, 2016 will mitigate the risk of any unfair prejudice.

### C.   Constructive Amendment of the Indictment

Castro's final argument in support of her motion *in limine* is also unpersuasive. She asserts that admitting evidence of her prior bad acts will constructively amend the indictment in contravention of the Fifth Amendment. (Docket No. 34 at pp. 11-13.) The Presentment Clause of the Fifth Amendment "guarantees the defendant's right to be free from a trial for any offense other than that alleged in the grand jury's indictment." United States v. Mubayyid, 658 F.3d 35, 49 n.19 (1st Cir. 2011); citing United States v. Miller, 471 U.S. 130, 134—135 (1985). A constructive amendment occurs "when a defendant is indicted for one crime but the jury is then instructed that it may convict him [or her] of a crime requiring proof of an additional element." United States v.

Vizcarrondo-Casanova, 763 F.3d 89, 99 (1st Cir. 2014); citing United States v. Brandao, 539 F.3d 44, 57 (1st Cir. 2008) ("A constructive amendment occurs when the charging terms of an indictment are altered, either literally or in effect, by prosecution or court after the grand jury has passed upon them."). The First Circuit Court of Appeals, however, has held that because evidence of prior bad acts is "ultimately offered to prove guilt of the charged offense, [it] effects no constructive amendment of the indictment and therefore does not infringe on a defendant's Fifth Amendment rights." United States v. Rosario-Díaz, 202 F.3d 54, 71 (1st Cir. 2000). Accordingly, admission of the Rule 404(b) evidence would not constructively amend the indictment because this evidence is relevant only to prove the offenses charged in the indictment, which the United States must prove beyond a reasonable doubt.

## III. Conclusion

For the reasons sets forth above, Castro's motion *in limine* is **DENIED**. Trial remains set for **August 29, 2018 at 9:00 a.m.** No extensions will be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 21, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE